IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | )<br>)<br>) | |
| Plaintiff, | )<br>)<br>) | CIVIL ACTION NO. 5:12-CV-818<br><br>COMPLAINT |
| v. | )<br>)<br>) | JURY TRIAL DEMAND |
| BRITTHAVEN, INC. d/b/a<br>BRITTHAVEN OF HENDERSON and<br>PRINCIPLE LONG TERM CARE, INC.<br>d/b/a KERR LAKE NURSING &<br>REHABILITATION CENTER, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>)<br>) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nicky Thomas ("Thomas"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Britthaven, Inc. d/b/a Britthaven of Henderson and Principle Long Term Care, Inc. d/b/a Kerr Lake Nursing and Rehabilitation Center ("Defendants") failed to provide Thomas with a reasonable accommodation for her disability and subsequently terminated her from her position as a Cook because of her disability, in violation of the ADA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Britthaven, Inc., a North Carolina corporation, has continuously been doing business in the State of North Carolina and the City of Henderson, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Britthaven, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Britthaven, Inc. has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant Principle Long Term Care, Inc., a North Carolina corporation, has continuously been doing business in the State of North Carolina and the City of Henderson, and has continuously had at least 15 employees.

8. At all relevant times, Defendant Principle Long Term Care, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Defendant Principle Long Term Care, Inc. has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. Defendant Britthaven, Inc. operated a nursing and rehabilitation center in Henderson, N.C. (hereafter the "facility") under the name "Britthaven of Henderson." Defendant Britthaven, Inc. operated the facility until at least December 2010.

11. Sometime in or before December 2010, Defendant Britthaven, Inc. transferred operation of the facility to Defendant Principle Long Term, Inc. Defendant Principle Long Term, Inc. has operated the facility under the name of "Kerr Lake Nursing and Rehabilitation Center" since that time.

## STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit, Thomas filed a charge with the Commission alleging violations of Title I of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since around November 2010, Defendants have engaged in unlawful employment practices at the facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), as follows:

(a) Nicky Thomas ("Thomas") was employed at the facility as a full-time Cook beginning on September 25, 2009. Thomas usually worked second shift and her primary responsibility was the preparation of food for the evening meal at the facility. Thomas was also responsible for serving food to the residents and for cleaning the kitchen after the evening service.

(b) At all relevant times, Thomas was qualified to perform the essential functions of her job as a Cook. Thomas performed successfully in her position. Prior to her discharge, Thomas had been performing the job successfully for over a year.

(c) Thomas has a disability. In or around February 2010, Thomas was diagnosed with cancer of her breast. Cancer is a physical impairment that substantially limits the major life activity of normal cell growth.

(d) After receiving the breast cancer diagnosis, Thomas immediately informed her supervisor, Defendants' Dietary Supervisor, of her diagnosis and about her treatment plan. Thomas also told the facility administrator that she had been diagnosed with breast cancer and discussed treatment options with the facility administrator. Defendants were therefore aware of Thomas' disability.

(e) Thomas received chemotherapy treatments for her cancer until around late-September or early-October 2010. In October 2010, Thomas had breast surgery related to her cancer. On or about October 27, 2010, Thomas provided her supervisor with a doctor's note indicating that Thomas needed four to six weeks of leave for surgery related

to her cancer and for recovery from that surgery. Thomas also informed her supervisor of her post-operative appointment scheduled for November 10, 2010. Thomas' supervisor approved the medical leave and told Thomas to provide an updated doctor's note after her November 10, 2010, post-operative appointment.

(f)   On or around November 10, 2010, Thomas provided her supervisor with a doctor's note from her post-operative appointment. The note indicated that Thomas needed to take additional leave until December 10, 2010 due to her medical condition. Thomas' supervisor responded that she would be glad to have Thomas return to work in December 2010. Based on this conversation, Thomas understood that Defendants had approved her medical leave until December 10, 2010.

(g)   On or about November 29, 2010, Thomas received a call from an employee of Defendants who indicated that Thomas was going to be fired due to not reporting to work. In response to that call, Thomas went to Defendants' facility and met with the facility administrator. Although Thomas informed the facility administrator that she had a doctor's note excusing her from work until December 10, 2010, and despite the fact that the facility administrator had already received a copy of said note from Thomas' supervisor and received a second copy from Thomas during their meeting, Defendants refused to allow Thomas to take leave until December 10, 2010. Instead, the facility administrator told Thomas that she could resign. When Thomas refused to resign, the facility administrator terminated Thomas' employment.

14.   At all relevant times, Thomas was a qualified individual with a disability within the meaning of the ADA. Defendants failed to provide Thomas with a reasonable

accommodation for her disability when they refused to grant her leave until December 10, 2010, and Defendants ultimately discharged Thomas because of her disability.

15. The effect of the practices complained of in paragraph 13 above has been to deprive Thomas of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

16. The unlawful employment practices complained of in paragraph 13 above were intentional.

17. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Thomas.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals because their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Thomas whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendants to make Thomas whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, in amounts to be determined at trial.

E. Order Defendants to make Thomas whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 13 above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendants to pay Thomas punitive damages for its malicious and reckless conduct described in paragraph 13 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 27th day of December, 2013.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney


TINA BURNSIDE
Supervisory Trial Attorney

Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
NC Bar No. 21722
Senior Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Phone: (919) 856-4180
Fax:     (919) 856-4156
zoe.mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF

8